The opinion of the Court was delivered by
Duncan J.
There is not any thing solid in the 3d, 4th, 5th, and 6th exceptions.
3. The amount in which bail is demanded, is not the sum for which judgment is entered. The writ and the declaration are on bond for § 1600; the judgment by default, could only be rendered for this sum ; it must follow, the sum declared for, and the Court, in the decree of judgment, look not to the amount of bail, but to the plaintiff’s demand in his count. The defendant, by not appearing, and by neglecting to make his defence, is presumed not to gainsay the plaintiff’s demand, but to confess it: he is supposed to confess a judgment according to the plaintiff’s demand.
4. If the Court had authority to enter a judgment on the record, it is a final judgment. It is debt on bond: no writ of inquiry is necessary, in order to ascertain the amount; it is debt for a sum certain, both in the writ and declaration ; debt in numero, and the judgment must be absolute.
5. The judgment is rendered for a sum certain ; the sum claimed by the writ, and demanded by the narr.
6. This assumes a fact not appearing on the record; that the bend was a bond of indemnity. The condition of the bond is not spread on the record, on oyer. The defendant in error declines to produce it, or make it a part of the record. As it stands then, it is an obligation without condition ; and the parties here desire the case to be considered on the most rigid principles of pleading. The defendant in error emphatically calls on the Court so to decide it. So deciding it, we cannot look beyond the record, whatever deduction we may draw from the non-production of the bond.
*20 Thus governed, our attention is called to the 1st and 2d exceptions!
1. The record then presents a case of a writ against both defendants ; special bail entered as to one of them, Boaz ; non est inventus, as to the other, Weiser. Yet the plaintiff below, proceeds as if both were in' Court, both arrested, both summoned, without the usual clause in the declaration, as to the return of non est inventus, as to Weiser. It is a declaration on a joint bond against both; and the judgment is against both. I say nothing, whether if execution had issued only against the one who had been arrested, the Court below would have set it aside, for irregularity; that is another question. But the question here is, has not judgment been entered against Weiser, without bringing him into Court on the writ, without any notice or warning ? It is not possible to consider this record otherwise, for the judgment is commensurate with the declaration; a joint obligation, a joint count, and a joint judgment. If there had been a general appearance by attorney, it would be considered as an appearance for both; and the judgment against both, would, according to our practice, be regular. But there is no appearance : it is then, as respects Weiser, a judgment for non-appearance, although he never was notified to appear, and on every principle of natural justice is void, as to him. It has been endeavoured to support this judgment as against Boaz ; it is contended, that the judgment may be reversed as to Weiser, and affirmed as to Boaz. Where a judgment is for two distinct matters, the one regular, and the other erroneous, the Court may reverse the distinct erroneous judgment, and affirm the distinct regular one. The judgment was divisible. The judgments are, in reality, two separate judgments. The common case of judgment for the debt, and judgment for costs, where none are given by law, furnishes an example. But here, the whole is joint; joint bond, joint writ, joint declaration, joint judgment, incapable of separation.
2. This is not a proceeding under the act of 21st March, 1806. The form prescribed by that act may be pursued or not, at the option of the party; he may pursue, if it so pleases him, the ancient form of action. Miles v. O‘Hara, 1 Serg. & Rarwle, 32. Here the plaintiff, instead of filing his statement, proceeds by declaration, according to the ancient form, and *21 not by statement, according to the new form. The important principle of that statement is, that the plaintiff certifies his belief of the sum really due ; he does not take a judgment for a penalty, or for his whole original demand, but for that which he alleges to be due at the time of the statement. Ac? cording to the ancient form, the judgment is general, for the sum demanded ; according to the modern form, it is for the sum which appears to the Court to be really due. They differ likewise in this; the one is a mere office judgment; in the other, it is made the duty of the Court, on a precise day in the term, to give judgment for what shall appear to be really due. For these reasons, the judgment is reversed.
Judgment reversed.